**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

NATIONWIDE JUDGMENT
RECOVERY, INC.,

    Plaintiff,

v.                                                                                  Case No: 5:21-mc-27-JSM-PRL

TODD DISNER, TRUDY GILMOND,
TRUDY GILMOND, LLC, JERRY
NAPIER, DARREN MILLER,
RHONDA GATES, DAVID
SORRELLS, INNOVATION
MARKETING, LLC, AARON
ANDREWS, SHARA ANDREWS,
GLOBAL INTERNET FORMULA,
INC., T. LEMONT SILVER, KAREN
SILVER, MICHAEL VAN LEEUWEN,
DURANT BROCKETT, DAVID
KETTNER, MARY KETTNER,
P.A.W.S. CAPITAL MANAGEMENT,
LLC, LORI JEAN WEBER and
ZEEKREWARDS.COM,

    Defendants.

## ORDER

This matter is before the Court on the motions of Plaintiff, Nationwide Judgment Recovery Inc. as assignee of Matthew Orso, as successor trustee to Kenneth D. Bell in his capacity as court-appointed receiver for Rex Venture Group, LLC, for issuance of writs of garnishment as to Bank of America, N.A. (Doc. 14); JPMorgan Chase Bank, N.A. (Doc. 15); and McCoy Federal Credit Union ("Garnishee") (Doc. 16). As an initial matter, the motions for writs of garnishment as to Bank of America, N.A. and JPMorgan Chase Bank, N.A.

(Docs. 14 & 15), are **denied without prejudice**, as they appear to have been erroneously filed in this case.[1]

On August 14, 2017, Plaintiff obtained a judgment in the United States District Court for the Western District of North Carolina against each member of a Defendant class, including Defendant L A Hodges in the amount of $9,258.81. (Doc. 1). On September 17, 2021, Plaintiff registered the judgment with this Court. (Doc. 1). There remains due and owing $9,258.81, plus post-judgment interest. Now, Plaintiff moves for the writs of garnishment and suggests that Garnishee may have in its possession and control certain monies or property belonging to Defendant Hodges sufficient to satisfy the judgment in whole or in part. Pursuant to Fed. R. Civ. P. 69, the Court must follow state law regarding garnishment procedures. *See* Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment.

Accordingly, upon due consideration, Plaintiff's motion for issuance of a writ of garnishment as to McCoy Federal Credit Union (Doc. 16) is **GRANTED**, and the Clerk is directed to issue the Writ of Garnishment (including the Notice and Claim of Exemption) attached to the motion. Plaintiff must fully comply with all notice requirements of § 77.041, Florida Statutes.

**DONE** and **ORDERED** in Ocala, Florida on January 11, 2024.

---

[1] These writs were also filed in 6:21-mc-00132-CEM-EJK, as to Defendant Benson Angervil, and state that judgment was in the amount of $1,974.34, with post-judgment interest accruing since entry, bringing the current balance owed to $2,440.29. *Orso v. Angervil*, 6:21-mc-00132-CEM-EJK. In that case, Plaintiff registered Judgment with the Court as to Benson Angervil, in the amount of $1,974.34. *Id.* (Doc. 1-1 at 3). In the instant case, the judgment Plaintiff has registered with the Court is in regard to Defendant L A Hodges, and was in the amount of $9,258.81, with post-judgment interest accruing since entry, bringing the current balance owed to $10,406.96.

- 3 -

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties